IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
IGNACIO C. ROSARIO #R-09139,   )
                               )
          Petitioner,          )
                               )
     v.                        )    No.  13 C 4194
                               )
WARDEN AKPORE,                 )
                               )
          Respondent.          )

MEMORANDUM ORDER

Ignacio Rosario ("Rosario") has filed a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") to challenge his April 6, 2009 conviction and sentence in the Circuit Court of DuPage County on a charge that Petition ¶5 describes as the aggravated discharge of a firearm.  According to Petition ¶8 that conviction resulted in an 18-year sentence, which Rosario is currently serving at Galesburg Correctional Center ("Galesburg"). This memorandum order deals with threshold matters noted by this Court in the course of its preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

First, even though Rosario's filing reflects his quite correct understanding that such habeas petitions carry a filing fee of just $5, he has failed to think through the significance of that modest amount.  It clearly means that he is not entitled

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

to in forma pauperis treatment, so that Section 1915's provisions calling for a printout of transactions in his trust fund account and for the establishment of procedures for a prisoner's installment payment of a full-blown ordinary filing fee of $350 or $400 do not come into play at all. Accordingly Rosario is ordered to pay the minimal $5 filing fee forthwith.[2]

Next, one of the aspects of a Section 2254 petition that this Court always checks at the outset is its timeliness under Section 2244(d). In this instance Petition ¶10 confirms that Rosario properly exhausted his right of direct appeal in the state court system, with Petition ¶10(d) referring to the May 30, 2012 action by the Illinois Supreme Court in denying leave to appeal from the Illinois Appellate Court's affirmance of Rosario's conviction and sentence. Rosario's filing of the Petition and an accompanying motion (dealt with hereafter) reflect his mistaken belief that he therefore had to file the Petition by May 30, 2013, a date that he barely met through operation of the "mailbox rule" (see Houston v. Lack, 487 U.S.

---

[2] To facilitate that payment, this Court is transmitting a copy of this memorandum order to the fiscal authorities at Galesburg. Payment of the fee should be made to "Clerk, United States District Court," should identify Case No. 13 C 4194 and should be addressed:

> 219 South Dearborn Street
> 20th Floor
> Chicago IL 60604
> Attention: Financial Department

266 (1988)) even though his papers were not received in this District Court Clerk's Office until June 4.

What nonlawyer Rosario is obviously unaware of is that the Supreme Court has taught that the reference in Section 2244(1)(A) to "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" does not start the one-year limitations clock ticking until either (1) a writ of certiorari has been timely applied for and then ruled upon by the United States Supreme Court or (2) the time for seeking certiorari has expired. That latter alternative adds another 90 days to the deadline for filing a habeas petition (to August 8, 2013), so that Rosario plainly has no problem as to timeliness.

As indicated earlier, Rosario has accompanied the Petition with a motion that seeks two kinds of relief: deferral of payment of the filing fee and the grant of leave to amend the Petition "upon exhaustion of actual innocence claim." As for the first of those, it is granted for the brief time needed to cause the Galesburg authorities to transmit the $5 filing fee to this District Court. As for the second, however, any ruling must be deferred until it is determined whether the present Petition passes muster.

For that purpose the Illinois Attorney General's Office is ordered to answer the Petition in accordance with Section 2254

3

Rule 5 on or before July 19, 2013. This Court will then determine what further proceedings are called for.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 7, 2013